98 F.3d 1359
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas K. AIU, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas K. Aiu petitions for review of the Merit System Protection Board's (Board's) final decision, Docket No. SE0752950087-I-1 (May 22, 1996), which reversed the administrative judge's (AJ's) initial decision mitigating Mr. Aiu's suspension, and reinstated the Drug Enforcement Agency's (DEA's) original forty day suspension. We affirm.
 
 
 2
 * Effective November 14, 1994, the DEA suspended Mr. Aiu, a Special Agent, Criminal Investigator, for forty days based on three charges: (1) unauthorized use of an official government vehicle (OGV) in violation of 31 U.S.C. § 1349(b) (1994); (2) misuse of office; and (3) improper association with a confidential informant. This appeal concerns only the first charge.
 
 
 3
 Before the AJ, Mr. Aiu admitted that he used an OGV to commute between his duty station and law school, but contended that he did not willfully use the OGV for non-official purposes as required for a violation of § 1349(b). Mr. Aiu argued that he thought his use was permissible because his attendance at law school was equivalent to authorized training, for which use of an OGV is implicitly authorized. In addition, Mr. Aiu asserted that he had a good faith belief that the use was permissible because his supervisors knew about it and yet did not prohibit it.
 
 
 4
 Based on the facts adduced, the AJ determined that the DEA had not sustained its burden of proving, by a preponderance of the evidence, that Mr. Aiu had improperly used the OGV. Because the AJ determined that the DEA had sufficiently proven the remaining two charges, the AJ mitigated Mr. Aiu's suspension to ten days.
 
 
 5
 The DEA petitioned to the Board for review of the AJ's initial decision. The Board granted the DEA's petition for review, and concluded that the AJ failed to give sufficient weight to a portion of the evidence which indicated that although Mr. Aiu did not have actual knowledge that he was violating the statute, he acted with reckless disregard of that fact. Accordingly, the Board vacated the initial decision as to the first charge and reinstated the DEA's forty day suspension. Mr. Aiu appeals the Board's decision, which we have jurisdiction to review pursuant to 5 U.S.C. § 7703(b)(1) (1994).
 
 II
 
 6
 We review the Board's decision to ensure that it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); see Holland v. Department of Air Force, 31 F.3d 1118, 1120 (Fed.Cir.1994). Under this standard, we do not review the case afresh; instead, we must affirm the Board's decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion." Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938).
 
 
 7
 An employee violates § 1349(b) if he "willfully" uses an OGV for non-official purposes. Kimm v. Department of Treasury, 61 F.3d 888, 891-92 (Fed.Cir.1995). The employee's actions are willful if he had actual knowledge that the use would be characterized as "non-official," or if he acted in reckless disregard as to whether or not the use was for non-official purposes. Id.
 
 
 8
 The Board reversed the AJ's initial decision primarily because the AJ failed to give sufficient weight to a statement made by Mr. Aiu to his immediate supervisor, John Graetz.[1] Shortly after Mr. Aiu began law school, Mr. Graetz asked him whether he was using his OGV to commute to law school. Mr. Aiu responded, "You don't want to know." The Board determined that although this statement did not reveal that Mr. Aiu actually knew he was violating the law, it demonstrated that Mr. Aiu acted with reckless disregard; it indicated that Mr. Aiu "suspected his use of the OGV might be improper but that he preferred not to clear up this potential problem and did not wish Graetz to do so."
 
 
 9
 On appeal, Mr. Aiu argues that the Board gave undue weight to this isolated statement and ignored all of the other facts which indicated that he had a good faith belief that his use was permissible. We disagree. The Board's opinion plainly reveals that it considered additional facts and simply decided that they were consistent with its interpretation of Mr. Aiu's statement to Mr. Graetz.
 
 
 10
 The Board expressly addressed and rejected the AJ's chief reason for concluding that the DEA had not shouldered its burden of proof: the AJ's finding that Mr. Aiu thought his actions proper because his supervisors tacitly approved. The Board first explained that Mr. Aiu's supervisor testified only that he should have known that Mr. Aiu was driving his OGV to law school. This testimony, however, is not equivalent to an admission that he tacitly approved the use. In fact, the actions of Mr. Aiu's supervisors are to the contrary. After learning of Mr. Aiu's statement to Mr. Graetz, his supervisors conducted a series of meetings with the DEA agents to discuss the importance of abiding by standards, including those involving use of OGVs. In light of these meetings, Mr. Aiu could hardly believe that his supervisors approved of his use of the OGV.
 
 
 11
 The Board next explained that Mr. Aiu's supervisors lacked authority to authorize him to use the OGV for law school; the regulations only allow the special agent in charge to grant such authorization. Mr. Aiu contends that his supervisor's lack of authority is irrelevant because he did not know about this fact, and therefore it doesn't discredit his good faith belief that his supervisor's tacit approval was valid. The record, however, refutes Mr. Aiu's claim. It indicates that Mr. Aiu had previously obtained written authorization from the special agent in charge for purposes of using the OGV to commute between work and home. Therefore, Mr. Aiu had first-hand experience as to who had authority to permit non-official use.
 
 
 12
 On appeal, Mr. Aiu also contends that he did not willfully violate the statute because he thought his use constituted official use. Mr. Aiu explains that agents are permitted to use OGVs for official DEA training, and he believed his law school education was equivalent to official DEA training. This assertion of his belief, however, is inconsistent with his "you don't want to know" statement to Mr. Graetz, which indicates that Mr. Aiu recognized that such use was potentially unlawful.
 
 
 13
 In conclusion, the Board properly considered all of the facts of record and found them to be consistent with the inference created by Mr. Aiu's statement to Mr. Graetz. The decision of the Board, being supported by substantial evidence, and not otherwise subject to criticism under our standard of review, must be affirmed.
 
 
 
 [1]
 The AJ's initial decision mentions this statement only once, in the background section; there exists no further mention or discussion of the statement in the analysis section of the AJ's initial decision